## OLSEN v. NEW YORK CENTRAL NO. 18.

### THE HAZEL S.

### No. 298.

Circuit Court of Appeals, Second Circuit.

June 2, 1941.

[16] The defendant Paul.

288

See also, D.C., 31 F.Supp. 745.

E. Curtis Rouse, of New York City (Crowell & Rouse and George L. Varian, all of New York City, on the brief), for libelant-appellant.

Kenneth O. Mott-Smith, of New York City (Jacob Aronson, of New York City, on the brief), for claimant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

■ The collision which is the subject of this libel occurred on a clear afternoon in March, 1939, in Red Hook Channel in New York Harbor. That two vessels could not have reached an agreement as to passing under such conditions indicates serious faults of navigation somewhere. The Hazel S, a small diesel-powered fishing vessel of 27 gross and 17 net tons, was going down harbor against the tide and, according to appellee's story, supported by two disinterested witnesses on another vessel, was about 100 feet to the right of the tug so that a starboard-to-starboard passage was indicated when she suddenly took a sharp sheer to the starboard when only about 500 feet away and thus came across the tug's bow for the collision. Consequently the finding of the court below of fault on the part of the Hazel S must stand.

■■ But we do not think the tug can be exonerated. This was a powerful railroad steamtug having a covered barge, the Oneida, lashed to her port side; she was making about 8 to 10 miles per hour through the water. She had no lookout and apparently did not see the Hazel S, or at least blew no whistle or alarm until the latter was only 300 to 500 feet away. This was itself fault, which appears to have been a contributing cause of the collision. Further, there were difficulties about the signals. The Hazel S claims to have signaled for a port-to-port passage, which the tug crossed by a two-blast signal for a starboard passage without stopping or reversing her engines; and only when 100 feet away did she blow an alarm or attempt to back. This was clear fault. Henry Du Bois Sons Co. v. A/S Ivarans Rederi, 2 Cir., 116 F.2d 492, certiorari denied The Ariosa v. Rederi, 61 S.Ct. 942, 85 L.Ed. ——; The Richard J. Barnes, 2 Cir., 111 F.2d 294, 296. But if we accept the tug's story that she heard no signal, thus making her own belated signal of two blasts not incorrect in itself, then her fault goes back all the more clearly to failure to keep a proper lookout. Inland Rules, Art. 29, 33 U.S.C.A. § 221; The Ottawa, 3 Wall. 268, 70 U.S. 268, 273, 18 L.Ed. 165, 167; The Supply No. 4, 2 Cir., 109 F.2d 101, 103.

Decree reversed for division of damages.